IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 03-cv-01959-MSK-PAC

AHMED M. AJAJ,

      Plaintiff,

v.

UNITED STATES OF AMERICA,
ROBERT A. HOOD,
JAMES BURRELL,
DAVID DUNCAN,
C. CHESTER, and
J.C. ZUERCHER,

      Defendants.

---

## ORDER DENYING MOTIONS TO DISMISS (#122, #123)

---

THIS MATTER comes before the Court on two motions to dismiss (**#122, #123**) filed by

the Defendants.  Having considered the motions, the responses (**#135, #136, #147**), and the

replies (**#144, #145, #153**), the Court finds and concludes as follows.

### I.  Jurisdiction

For purposes of determining the pending motions, the Court exercises subject matter

jurisdiction pursuant to 28 U.S.C. § 1331.

### II.  Background

The Plaintiff commenced this action *pro se* on September 22, 2003.  In his Original

Complaint, he asserted civil rights claims against only Robert A. Hood, "FNU" Smith, and "FNU"

Braren.  The claims pertained to Plaintiff's property, mail, access to a telephone, and right of

access to the courts.

Still appearing *pro se*, on February 18, 2004, the Plaintiff filed an Amended Complaint.  In addition to the Defendants named in his Original Complaint, in the Amended Complaint, the Plaintiff asserted claims against fourteen other Defendants including the United States of America, James Burrell, and David Duncan.  For the first time, he asserted a claim under the Federal Tort Claims Act ("FTCA").

Counsel entered an appearance on September 29, 2004. On Plaintiff's behalf, counsel filed a Second Amended Complaint on December 13, 2004.  The Second Amended Complaint contains eighty-two paragraphs of factual allegations describing a variety of events (e.g., the Plaintiff requested medical assistance in the spring of 1993 while incarcerated in New York; he had an abnormal x-ray in September 1993; the prison doctor in New York failed to provide adequate care; etc.) occurring over a period of ten years. These factual allegations are followed by five purported claims for relief.  Each purported claim incorporates, by reference, all of the factual allegations in the preceding eighty-two paragraphs.  Indeed, each sequential claim also incorporates, by reference, every preceding paragraph in the Second Amended Complaint. The purported claims are conclusory; none specify which facts or events are the basis for the relief requested.  As a result, the purported claims for relief are nothing more than a statement of five legal theories: (1) recovery under the FTCA; (2) recovery under the Eighth Amendment for deliberate indifference to a medical need; (3) recovery under the Due Process Clause for the deprivation of a liberty interest without due process; (4) recovery under the Equal Protection Clause; and (5) recovery for retaliation.

The failure of the Second Amended Complaint to identify the facts applicable to each purported claim for relief has resulted in disjointed and ill focused briefing with regard to the pending motions to dismiss.  In their motions, the Defendants guess as to the factual basis of each claim, sometimes incorrectly.  The Plaintiff's responses suggest particular facts to support some claims, but offer no clarification as to others.  The little clarification offered in Plaintiff's responses has resulted in new arguments for dismissal being raised by the Defendants in their replies.  To these new arguments, the Plaintiff has not had the opportunity to respond.

### III.  Analysis

Rule 8(a), Fed. R. Civ. P., requires that a plaintiff set forth a short and plain statement of his claim showing that he is entitled to relief.  The rule's purpose is to give a defendant notice of the basis of the claim asserted so that it may determine whether the plaintiff has a legal right to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Assn. of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  Conclusory allegations which lack supporting factual averments are not sufficient to state a claim for relief.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A plaintiff is not required to plead every fact in specific detail, but he must plead sufficient facts to support a recognized legal claim.  *See id.*  If his factual allegations are close to, but fall short of, stating a legal claim, he should be allowed to amend his complaint.  *See id.*

If the Plaintiff were *pro se*, the Court would construe the Second Amended Complaint liberally in determining what claims are being asserted.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To do so, the Court would sort through the factual allegations and, based upon its best judgment, allocate them among the particular legal theories identified.   However, the Second

Amended Complaint was drafted by counsel, and the Court declines to tread upon counsel's prerogative in framing the case by linking fact and theory to create a claim. The allegations of the Second Complaint are too conclusory and unfocused to satisfy Rule 8(a), but, rather than dismiss Plaintiff's claims at this juncture, the Plaintiff shall have a final opportunity to comply with Rule 8(a).

It appears from the parties' briefing that the Plaintiff may intend to assert as many as four, distinct FTCA claims. If this is so, then each FTCA claim must be separately stated. For this Court to exercise jurisdiction, the Plaintiff must have exhausted his remedies with regard to each claim. General reference to prior factual allegations are not sufficient to give the Defendants notice of what his claims are or what steps he took to exhaust them. With regard to each, separately stated, FTCA claim, the Plaintiff shall allege jurisdictional facts, including: (1) what conduct gives rise to liability; (2) whether and when he submitted a Form 95 or other written notice of his claim to the Bureau of Prisons, and if so, when; and (3) if the claim was denied, when the Bureau of Prisons mailed written notice of the denial.

To the extent that the Plaintiff is asserting an Eighth Amendment claim, the Plaintiff shall identify the serious medical need and what conduct constitutes deliberate indifference by the Defendants.

For a due process claim, the Plaintiff shall specify what process was due and what deprivation occured.

For an equal protection claim, the Plaintiff shall identify in what way he was treated differently from other, similarly situated, individuals and who he contends the similarly situated individuals are.

For a retaliation claim, the Plaintiff shall identify the acts of retaliation, the event or act for which the Defendants allegedly retaliated, and which Defendants engaged in such conduct.

The Court anticipates that in response to more focused pleading by the Plaintiff, the Defendants will file a more focused motion or motions to dismiss.  In conjunction with the current motion to dismiss, the Federal Officer Defendants argued that the Plaintiff failed to exhaust administrative remedies on his *Bivens*[1] claims.  In response, the Plaintiff submitted more than 160, unidentified and apparently unrelated  pages of documents purportedly pertaining to unspecified grievances.  The vast majority of such documents have no apparent connnection to any claim presented in this lawsuit.  Indeed, many of them complain of conduct which occurred when the Plaintiff was housed in other prisons.   In anticipation of the exhaustion issue,  the Plaintiff  shall attach the grievance documents which pertain to the claims asserted and link them to his specific claims in the Third Amended Complaint.  *See Steele v. Federal Bureau of Prisons,* 355 F.3d 1204, 1209-10 (10th Cir. 2003), *cert. denied*, _ U.S. _, 125 S. Ct. 344 (2004).

**IT IS THEREFORE ORDERED** that:

(1)     The motions to dismiss **(#122, #123)** are **DENIED**.

(2)     On or before October 17, 2005, the Plaintiff shall file a Third Amended Complaint that complies with the provisions of this Order.

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

(3)      Pursuant to Fed. R. Civ. P. 15(a), the Defendants shall file either an Answer or

motion(s) to dismiss within 10 days of service of the Third Amended Complaint.

Dated this 27th day of September, 2005.

**BY THE COURT:**

Marcia S. Krieger
United States District Judge