**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 03-cv-01959-MSK-PAC

AHMED M. AJAJ,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,
ROBERT A. HOOD,
JAMES BURRELL,
DAVID DUNCAN,
C. CHESTER, and
J.C. ZUERCHER,

    Defendants.

---

**PROTECTIVE ORDER**

---

    **THIS MATTER** comes before the Court pursuant to the parties' Stipulated Motion for Protective Order **(# 227)**.  The Motion is **GRANTED** as set forth herein.

    Pursuant to Fed. R. Civ. P. 26(c), and upon a showing of good cause in support of the entry of a Protective Order to protect the production, discovery, and dissemination of confidential information and/or sensitive data or records, IT IS HEREBY ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, that contain information concerning sensitive and limited official-use only records that were listed on the

1

Privilege Log previously produced to Plaintiff on June 7, 2006.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL.

4. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

5. Under this Protective Order, documents, materials, and/or information pertaining to sensitive and limited official-use only records shall be marked "CONFIDENTIAL" and shall be disclosed on gold-colored paper.

6. Documents, materials, and/or information marked CONFIDENTIAL and produced on gold-colored paper shall only be reviewed by counsel for Plaintiff and may *not* be shown to or provided to Plaintiff. However, counsel for Plaintiff may discuss the contents of these documents with Plaintiff.

7. If additional disclosure is needed of information contained on documents marked CONFIDENTIAL and produced on gold-colored paper, counsel for Plaintiff will contact Christopher Synsvoll, counsel for the Bureau of Prisons, to work out an appropriate procedure for such disclosure. If the parties cannot resolve the dispute within three (3) days, the parties will file an appropriate motion with the Court. Finally, counsel for Plaintiff can submit documents, materials, and/or information marked CONFIDENTIAL and produced on gold-colored paper to the Court for use at trial or in any dispositive motion, as long as these documents are filed under

seal.

8. Documents, materials, and/or information marked CONFIDENTIAL and disclosed on gold-colored paper may be produced to the following:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case; and

    (d) other persons by written agreement of the parties.

9. Prior to disclosing any CONFIDENTIAL documents, materials and/or information on gold-colored paper to any person listed above, counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by the opposing party.

10. A party may object to the designation of particular CONFIDENTIAL information on gold-colored paper or pink-colored paper by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as

CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL and kept on gold-colored paper under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL and producing the information on gold-colored paper shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL and maintained on gold-colored paper.

Dated this 25th day of July, 2006

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge