IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-01959-MSK-KLM

AHMED M. AJAJ,

    Plaintiff(s),

v.

UNITED STATES OF AMERICA,

    Defendant.

---

# ORDER

---

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion for Limited Reopening of Discovery** [Docket No. 307; Filed January 7, 2009] (the "Motion"). This case involves a single Federal Tort Claims Act ("FTCA") claim. Following remand from the Tenth Circuit, District Judge Marcia S. Krieger conducted a hearing to discuss case deadlines and a trial setting [Docket No. 297]. A four-day bench trial is currently scheduled to begin on November 9, 2009 [Docket No. 305]. Judge Krieger also informed the parties that any requests to reopen discovery should be made by motion. Prior to filing the present Motion, the parties attempted to reach an agreement about the voluntary production of documents Plaintiff had not previously requested, but had recently discovered were kept by Defendant. In their negotiations, it appears that Defendant did not object to voluntary production of the documents in its possession on the condition that Plaintiff would waive any right to seek permission to propound future discovery. *See Motion* [#307] at 2; *Response* [#309] at 3. Plaintiff refused to strike this bargain and, consequently, Defendant refused to voluntarily

produce the subject documents.

The present Motion seeks leave to propound one interrogatory and six document requests regarding information and documents relating to cell air filtration and inmate tobacco use at the federal supermaximum prison in Florence, Colorado. Although Defendant conditionally agreed to voluntarily provide all information and documents in its possession relating to these requests,[1] Defendant filed a Response in objection to the Motion arguing that Plaintiff has failed to provide good cause for reopening discovery given the existence of these documents at the time discovery was taken and Plaintiff's failure to request such discovery in a timely manner. *Response* [#309] at 2-4. For the most part, Defendant's objections are not well taken, particularly given that its underlying objection is not to the propriety of the present production, but rather to the propriety of any future requests for production. Simply, this is a dispute that should have and could have been avoided. While Defendant's position regarding any future discovery requests is understandable, those concerns, if they ever come to fruition, can be litigated at that time.

Although I find Defendant's opposition to the Motion to be largely disingenuous given its offer to voluntarily produce all of the information and documents in its possession regarding these issues, I will address whether the six-part test for reopening discovery justifies Plaintiff's Motion. *See Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). Specifically, I consider (1) the imminence of trial; (2) whether the request is opposed; (3) prejudice to the nonmoving party; (4) whether the moving party was diligent in his efforts

---

[1] Specifically, Defendant concedes that it, "in essence agreed to produce the responsive documents that are maintained by the BOP if Plaintiff would simply agree that discovery was otherwise closed." *Response* [#309] at 3.

to obtain the information within the discovery deadline; (5) the foreseeability that additional discovery would be necessary prior to expiration of the deadline; and (6) whether the proposed discovery is likely to lead to the discovery of relevant evidence. *Id.* On balance, the Court finds that consideration of these factors weighs in favor of reopening discovery.

As to the first factor, although a trial date has been set, it is not imminent. As to the second factor, while Defendant conditionally offered to voluntarily provide the information Plaintiff now seeks, Defendant opposes the request here primarily because Plaintiff would not agree to waive the right to seek any future discovery-related relief.

As to the third factor, Defendant argues it would be prejudiced by reopening discovery because "[d]efense counsel should be spending their time preparing the final pretrial order [which is due on April 13, 2009], and not be required to respond to discovery that should have been served years ago." *Response* [#309] at 7. Given that Defendant could have, by its own suggestion, voluntarily produced the information in its possession several weeks prior to Plaintiff filing the Motion, this argument has little, if any, persuasive value. Defendant also argues it would be prejudiced by complying with these requests because they "are unduly burdensome and overbroad." *Id.* at 8. To the extent that Defendant argues the requests are burdensome because they call for documents or information not possessed by the BOP, such an argument is frivolous. Defendant can only produce what it has in its possession; if it cannot produce something because it does not possess it, no undue burden is implicated. Defendant also argues that it would be prejudiced by allowing Plaintiff to take discovery of the information called for by the requests because it has no opportunity to submit a dispositive motion on Plaintiff's FTCA claim. *Id.* at 11-12. In regard to this argument, the case deadlines on remand were set by

3

Judge Krieger, and this Court has no authority to set a dispositive motions deadline or opine on the merits of doing so.[2]

As to the fourth and fifth factors, Plaintiff contends that he did not seek this information sooner because he did not realize it existed until similar information was sought and obtained in *Durham v. Hood*, Case No. 05-cv-01282-MSK-KLM. *Motion* [#307] at 4. Moreover, Plaintiff claims that he did not realize the significance of such information to his FTCA claim until it was addressed by the Tenth Circuit on appeal of his case. *Reply* [#311] at 2. While Plaintiff's previous discovery efforts may not have been as thorough as they could have been, I do not find that Plaintiff's failure to pursue these areas of inquiry earlier evidences a lack of diligence or an unreasonable failure to recognize the foreseeability that such information could be necessary.

As to the sixth factor, Defendant argues that because certain requests are overbroad, the information sought would not lead to relevant evidence. This assertion, while well taken for its tendency to show that several requests are unnecessarily broad, does not speak to whether the requests would nevertheless lead to relevant information. Given that the requests relate to the issues of cell air filtration and inmate tobacco use, topics at issue in Plaintiff's FTCA claim, the information sought is arguably relevant and calculated to lead to admissible evidence. Further, to the extent that Requests for Production 1 and 2 are overbroad in that they seek information related to all kinds of tobacco use, not just tobacco causing smoke, "Plaintiff is willing to narrow his discovery

---

[2] To the extent Defendant's Response could be interpreted as a request to set a dispositive motions deadline, the request is improper. Pursuant to D.C.Colo. L. Civ. R. 7.1(C), any requests for relief must be filed separately from a response to a motion.

requests to only include records related to tobacco products that produce smoke." *Reply* [#311] at 3.

Although Defendant takes issue with the majority of Plaintiff's proposed discovery requests, it suggests that if discovery is reopened, that Plaintiff "be limited to Requests for Production Numbers 2 and 3 (both limited to inmates housed hear him) and 6." *Response* [#309] at 12. In a declaration filed in conjunction with the Response, an agent of Defendant also avers that Requests for Production 2, 3 & 4 seek confidential information protected by the Privacy Act, 5 U.S.C. § 552a, which can only be produced via Court order and under the protection of a protective order [Docket No. 309-3]. Having considered whether reopening discovery is appropriate and Defendant's specific objections to the requests at issue,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.

IT IS FURTHER **ORDERED** that on or before **March 20, 2009**, Defendant shall produce the information and documents in its possession which are responsive to Plaintiff's discovery requests [Docket No. 307 at 9-11], regardless of their alleged confidentiality pursuant to the Privacy Act, 5 U.S.C. § 552a(b)(11), with the following limitation: Defendant's production with respect to Requests for Production 1 & 2 shall be limited to documents related to tobacco products that produce smoke. Although Defendant proposes other modifications, the Court identifies no other necessary limitation.

IT IS FURTHER **ORDERED** that Defendant's objections to the production of any information or documents called for by Plaintiff's requests shall be limited to objections related to privilege or lack of possession.

IT IS FURTHER **ORDERED** that on or before **February 24, 2009**, the parties shall submit a joint Proposed Protective Order for the Court's signature which addresses the confidentiality and security concerns of Defendant.

IT IS FURTHER **ORDERED** that any disputes that arise regarding the adequacy of Defendant's production or the language of the Proposed Protective Order shall be resolved by the parties' conferencing together and contacting the Court on a single line (303-335-2770) to request immediate review.

Dated: February 17, 2009

BY THE COURT:

  s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix