IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-01959-MSK-KLM

AHMED AJAJ,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

**PROTECTIVE ORDER**

---

Pursuant to Fed. R. Civ. P. 26(c), and upon a showing of good cause in support of the entry of a Protective Order to protect the production, discovery, and dissemination of confidential information and/or sensitive data or records, IT IS HEREBY ORDERED:

1. This Protective Order shall apply to Plaintiff Ahmed Ajaj, and Defendant United States of America, and shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" shall be information that is confidential and implicates prison security and safety, the institutional adjustment of Plaintiff, law enforcement techniques, and/or personal security and safety. CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY Information shall not be disclosed or used for any purpose except the preparation and trial of this case. The protections granted by this Protective Order shall not be waived.

4. CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY Information may be reproduced electronically for litigation management purposes only. Electronically-reproduced CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY Information must retain the mark "CONFIDENTIAL- FOR ATTORNEY'S EYES ONLY."

5. Requests for Production Nos. 1, 2, 3, and 4 of Plaintiff's Third Request for Interrogatories and Request for Production of Documents request information pertaining to other inmates who were or who are currently housed at the ADX, and who are not parties to the instant lawsuit. These Requests for Production seek information that is subject to the Privacy Act, 5 U.S.C. § 552a. In order to protect the privacy interests of these third-party inmates, along with the Bureau of Prison's concerns about prison security and safety, law enforcement techniques, and/or personal security and safety of other inmates, any documents responsive to

Requests for Production Nos. 1, 2, 3, and 4 shall be produced and designated as "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY."

- a. Documents marked "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" may be disclosed to counsel for Plaintiff.

- b. Documents marked "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" shall not be disclosed to or discussed with Plaintiff, except as provided below.

- c. However, counsel for Plaintiff may discuss with Plaintiff information that is contained in documents responsive to Requests for Production Nos. 1, 2, 3, and 4, and which shows the aggregate total number of smokable tobacco products that were purchased by inmates housed on the same range as Plaintiff.

6. Request for Production No. 6 of Plaintiff's Third Request for Interrogatories and Request for Production of Documents seeks "documentation related to the ventilation system at the ADX in place in the F-Unit from October 2002 until July 2005." Documents, materials, and/or information pertaining to the ventilation system at the F Unit of the ADX cannot be released to Plaintiff without potentially jeopardizing prison security. These documents shall be designated as "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY."

a. Documents marked "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" may be disclosed to counsel for Plaintiff.

b. Documents marked "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" shall not be disclosed to or discussed with Plaintiff.

7. In addition to the restrictions set forth in Paragraphs 5-6, CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed to any person, except that such information may be disclosed to:

a. attorneys actively working on this case;

b. persons regularly employed or associated with the attorneys actively working on the case, including agency counsel, whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

d. witnesses during deposition;

e. the Court, and necessary Court staff, pursuant to Paragraphs 10, 11 and 12; and

f. other persons by written agreement of the parties.

8. Prior to disclosing any CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY Information to any person listed in Paragraphs 7(c), 7(d), and/or 7(f), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by the opposing party.

9. Whenever a deposition involves the disclosure of CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY Information, the deposition or portions thereof shall be designated as "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10. In the event that a party desires to use CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY Information as an exhibit to a Court document, not including depositions, the CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY Information shall be filed under seal in accordance with D.C.Colo.LCivR 7.3 and

District of Colorado Electronic Case Filing Procedure VI.A.2, and must retain the mark "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY."

11. If additional disclosure is needed of CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY Information, counsel for the party seeking additional disclosure will contact counsel for the producing/designating party to work out an appropriate procedure for such disclosure. If the parties cannot resolve the dispute within five (5) business days, either party may file an appropriate motion with the Court. Said motion may attach the disputed CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY Information as an exhibit to the motion. If the disputed CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY Information is attached as an exhibit to such a motion, it shall be filed under seal in accordance with D.C.Colo.LCivR 7.3 and District of Colorado Electronic Case Filing Procedure VI.A.2, and must retain the mark "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY."

12. A party may object to the designation of CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY Information by giving written notice to the counsel for the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within five (5) business days after the time the notice is received, it shall be the obligation of the party designating the CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY Information to file an appropriate motion requesting

that the Court determine whether the disputed information should be subject to the terms of this Protective Order. Said motion may attach the disputed CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY Information as an exhibit to the motion. If the disputed CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY Information is attached as an exhibit to such a motion, it shall be filed under seal in accordance with D.C.Colo.LCivR 7.3 and District of Colorado Electronic Case Filing Procedure VI.A.2, and must retain the mark "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY." If such a motion is filed within five (5) business days of the expiration of the period for resolution of the objection, the disputed information shall be treated as CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY Information under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY Information and shall not thereafter be treated as CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY Information in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY Information.

13. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies (electronic and physical) thereof which have been designated as CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY shall be returned to the party that designated it as such, or the parties may agree to destroy CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY documents. Where the parties agree to destroy CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

14. This Protective Order governs the production and use of documents prior to the trial in this matter. If any party intends to use CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY documents at the trial in this matter, the parties shall address such use in advance of trial and either party may move to amend this Order as needed to allow for the use of such documents at trial or may seek appropriate restrictions on such use as needed to protect the privacy interests of these third-party inmates, along with the Bureau of Prison's concerns about prison security and safety, law enforcement techniques, and/or personal security and safety of other inmates.

15. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 25th day of February, 2009.

BY THE COURT:

_____
United States Magistrate Court Judge